IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) RACHEL CARMIN, | ) |
| Plaintiff, | ) |
| v. | ) |
| (2) VIRTUS GROUP, LLC, | ) Case No. 18-cv-202-G |
| Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| (3) L & L CONSTRUCTION SOLUTIONS, LLC, | ) |
| Third-Party Defendant/ Third-Party Plaintiff, | ) |
| v. | ) |
| (4) ZIMRI LOPEZ, | ) |
| Third-Party Defendant. | ) |

**MOTION TO REMAND FOR LACK OF DIVERSITY**

Comes now, Plaintiff, Rachel Carmen, by and through her attorney's, Zelbst, Holmes & Butler, moves this Court for an Order remanding this case to the District Court of Comanche County, Oklahoma on the grounds that Plaintiff's amendment of her Complaint to assert claims against L & L Construction Solutions and Zimiri Lopez, destroys the federal court's jurisdiction. In support of said motion, Plaintiff alleges as follows:

1

## STANDARD OF REVIEW

Defendants, as the parties removing this action to federal court, have the burden of establishing federal jurisdiction. *Penteco Corp. LP -1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Because removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand. *Id.* A challenge to federal court jurisdiction may be raised at any stage of the litigation. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 506 (2006). However, the interests of judicial economy and efficiency would be best served by this Court determining the issue in the early stages of litigation.

## BACKGROUND FACTS

1. This case was originally filed by Plaintiff, an Oklahoma resident, in state court via a petition styled, *Rachel Carmin v. Vitrus Group, LLC*, Case No. CJ-2018-71, in the District Court in and for Comanche County, Oklahoma. Defendant, Vitrus Group LLC, filed a Notice of Removal on March 6, 2018. [Doc 1].

2. In its Notice of Removal, Defendant does not cite any provisions of federal law at issue over which this Court could exercise superior federal supervision. Rather, the purported removal is based solely on an allegation of jurisdiction based on diverse citizenship under 28 U.S.C. § 1332(a).

3. On June 27, 2018, Defendant, Vitrus Group, LLC, filed an Unopposed Motion for Leave to Join L & L Construction Solutions as a Third Party Defendant. [Doc 13]. This was granted by the Court on June 28, 2018. [Doc 14].

4. A Third Party Complaint was filed by Vitrus Group, LLC on July 9, 2018. [Doc 15]. The Third Party Complaint alleges that the Third Party Defendant, L & L Construction Solutions, is an Oklahoma Limited Liability Company with its principal place of business in Oklahoma. [Doc 15].

5. The Court granted Plaintiff leave to Amend her Complaint to add claims against Third Party Defendant, L & L Construction Solutions, on July 19, 2018. [Doc 36].

6. Plaintiff then filed an Amended Complaint to add claims against Third Party Defendant, L & L Construction Solutions, on July 25, 2018.  [Doc 37].

7. Third Party Defendant, L & L Construction Solutions, admitted in subsequent answers that it is an Oklahoma Limited Liability Company with its principal place of business in Oklahoma.  [Doc 53].

8. On August 15, 2018, Third Party Defendant, L & L Construction Solutions, filed a Fourth Party Complaint against Zimri Lopez.  [Doc 46].  In that Complaint, it was alleged that Zimri Lopez is an Oklahoma resident.  [Doc 46].

9. The Court granted Plaintiff leave to Amend her Complaint to add claims against Fourth Party Defendant, Zimri Lopez, on August 17, 2018.  [Doc 49].

10. Plaintiff's Second Amended Complaint was filed on August 27, 2018, adding claims against Zimri Lopez, alleging that he is an Oklahoma resident.  [Doc 51].

11. Zimiri Lopez filed an answer admitting that his is an Oklahoma resident. [Doc 57].

## ARGUMENTS

Since federal courts are of limited jurisdiction, there is a presumption against jurisdiction and the party invoking federal jurisdiction bears the burden of proof.  *Penteco Corp. LP -1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).  It has long been the rule that to satisfy the diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1), the plaintiffs and defendants must be completely diverse.  *See* 28 U.S.C. § 1332(a).

When a defendant brings a new party into a case by way of a third-party complaint against the new party, a plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.  FED. R. CIV. P. 14.  Here, the requirements of the diversity statute were satisfied when the original complaint was filed, because Plaintiff

and Defendant are citizens of different states and because the Complaint indicated that the amount in controversy exceeded $75,000. However, that is no longer the case as Plaintiff amended her Complaint to add causes of action against L & L and Lopez.  If a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court.  28 U.S.C. § 1447(c).

Courts addressing the issue have held, that an amendment of a plaintiff's complaint so as to assert a claim against a third-party defendant, where the plaintiff and the third-party defendant have a common citizenship, destroys the court's jurisdiction.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374-75, (1978), 98 S.Ct. 2396, 58 :/Ed 284, (holding that when the plaintiff amended its complaint to add a non-diverse defendant, "complete diversity was destroyed just as surely as if [the plaintiff] had sued [the non-diverse defendant] initially"); *Estate of Alvarez v. Donaldson Co.*, 213 F .3d 993, 994-95 (7th Cir. 2000) (holding that the plaintiff's amendment of complaint to add non-diverse defendants destroyed diversity jurisdiction); *American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*., 362 F.3d 136, 141-42 (1st Cir. 2004) (same); *Martinez v. Duke Energy Corp.*, 130 F. App'x. 629, 635 (4th Cir. 2005) (same); *Williams v. Conseco, Inc.,* 57 F. Supp. 2d 1311, 1315-16 (S.D. Ala. 1999) (*citing, Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 57 L. Ed. 2d 274, 98 S. Ct. 2396 (1978); *see also* M.O. Regensteiner, Annotation, Federal Court's Jurisdiction as Affected by Common Citizenship of Third-Party Defendants with Either or Both of Original Parties, 37 A.L.R.2d 1411 (2004) (*citing*, *Welder v. Washington Temperance Ass'n*, 16 F.R.D. 18, 20 (D. Minn. 1954); *Southwest Lime Co. v. Lindley*, 12 F.R.D. 484, 486 (D.C.

Ark. 1952) (*dictum*); *Habina v. M. A. Henry Co.,* 8 F.R.D. 52, 52 (D.C. N.Y. 1948) (recognizing rule); *Moncrief v. Pennsylvania R.R. Co.*, 73 F. Supp. 815, 815-16 (D.C. Pa. 1947).

The *Owen* case, *supra*, illustrates the point.   In that case an Iowa plaintiff sued an Oklahoma defendant in federal court, asserting only state-law claims. *Id*. at 367. The defendant filed a third-party claim against Owen Equipment and Erection Co., an Iowa corporation. *Id*. Subsequently, the plaintiff amended her complaint to state claims against Owen, and the case ultimately went to trial only on those amended claims. *Id*. at 368. The United States Supreme Court held that the district court lacked jurisdiction over the claims, reasoning that:

> It is clear that the [plaintiff] could not originally have brought suit in federal court naming Owen and OPPD as codefendants, since citizens of Iowa would have been on both sides of the litigation. Yet the identical lawsuit resulted when she amended her complaint. Complete diversity was destroyed just as surely as if she had sued Owen initially. <u>In either</u> <u>situation, in the plain language of the statute, the "matter in</u> <u>controversy" could not be "between . . . citizens of different States."</u>

*Owen,* 437 U.S. at 373, 98 S. Ct. at 2403, 57 L. Ed. 2d at 282 (emphasis supplied).  What destroyed jurisdiction in the *Owen* case was not the mere presence of a non-diverse defendant, who was on the opposite side of the case in only an abstract sense. Instead, jurisdiction existed until the plaintiff *actually stated claims* against the non-diverse party. At that point there existed an "actual, substantial controversy" between non-diverse parties. This destroyed complete diversity.

The holding in *Owen* was codified by the Legislature in 28 U.S.C. § 1367(b) which provides:

5

> **(b)** In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [28 USCS § 1332], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332 [28 USCS § 1332].

28 U.S.C. §1367(b)(1990).

As this Court knows, the procedure for cases removed from state court is governed by 28 U.S.C. § 1447. Subsection (e) of the statute provides that:

> [i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the [s]tate court. However, after a case is removed to federal court [i]f at any time before final judgment it appears that the district Court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). *See also, Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974)(If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*)*; McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008)(although Section 1447(e) speaks of "joinder" it has been held to apply when the complaint is amended). *See also Vigil v. Taintor*, 2015 U.S. Dist. LEXIS 189050 (N.M. D.C. April 17, 2015)(If the addition on non-diverse defendant was allowed, remand is required). In this case, the court allowed Plaintiff to amend her Complaint to add non-diverse parties. At that point, jurisdiction was lost requiring the case to be remanded.

6

For example, in *Mainer v. Fairfax Elevator Co.*, 2006 U.S. Dist. LEXIS 21984, 2006 WL 827100, (W.D. Ark. March 30, 2006), Plaintiff, a citizen of Arkansas, brought an action for personal injury against a Missouri corporation in state court. The Missouri corporation removed the case to federal court based on diversity of citizenship. The Missouri corporation then filed a third party complaint against a supplier who was a citizen of Arkansas. The federal court gave leave to the plaintiff to amend his complaint and add the supplier as a defendant. There was no opposition to plaintiff's motion to amend his complaint. The supplier moved to dismiss the case based on lack of diversity jurisdiction. The plaintiff adopted the same position and requested that the case be remanded rather than dismissed. The Court stated that, while it could have exercised supplemental jurisdiction over the third party claim, it was "divested of subject matter jurisdiction when plaintiff amended his complaint to add claims directly against Burt Farms, as Burt Farms is a non-diverse defendant and supplemental jurisdiction does not extend to claims asserted by a plaintiff against a party originally brought into an action as a third party defendant." *Id*. at 4, *citing,* 28 U.S.C. §1367(b). Since there was no objection to the motion to amend, and the Court granted the motion, the amendment was proper and under 28 U.S.C. § 1447(e), and the Court was required to remand the case to state court. *Id*. at 4-5.

This case is illustrative of the interplay that occurs when a situation, such as the one presented here, occurs. The Court correctly remanded the case and the same should occur in this matter.

## CONCLUSION

For the reasons stated above, this case should be remanded.

Respectfully Submitted,

                                 */s Chandra L. Holmes Ray*
                                 CHANDRA L. HOLMES RAY
                                    OBA # 14254
                                 ZELBST, HOLMES & BUTLER
                                 411 SW 6th Street
                                 P.O. Box 365
                                 Lawton, Oklahoma 73502-0365
                                 Tel:  (580) 248-4844
                                 Fax:  (580) 248-6916
                                 david@zelbst.com
                                 zelbst@zelbst.com

                                 *Attorneys for Plaintiff Rachel Carmin*

## CERTIFICATE OF SERVICE

     I hereby certify that on, September 14, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a notice of electronic filing to the following ECF registrants:

       Daniel P. Buechler
       Linda Szuhy Ressetar
       Thompson, Coe, Cousins & Irons, LLP
       dbuechler@thompsoncoe.com
       lressetar@thompsoncoe.com

       Tami J. Hines
       Hall, Estill, Hardwick, Gable, Golden & Nelson, PC
       thines@hallestill.com

       *Attorneys for Defendant/Third-Party Plaintiff*
       *Virtus Group, LLC*

       and

       Robert P. Coffey

Nicholaus A. Hancock
Robert@csmlawgroup.com
Nicholaus@csmlawgroup.com

*Attorneys for Third-Party Defendant/Third-Party Plaintiff
L & L Construction Solutions, LLC*

*s/Chandra L. Holmes Ray*
Chandra L. Holmes Ray
