# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RACHEL CARMIN, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-202-G |
| | ) | |
| VIRTUS GROUP, LLC, | ) | |
| | ) | |
|    Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| L&L CONSTRUCTION SOLUTIONS, LLC, | ) | |
| | ) | |
|    Third-Party Defendant/ | ) | |
|    Fourth-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZIMRI LOPEZ, | ) | |
| | ) | |
|    Fourth-Party Defendant. | ) | |

## ORDER

The matter now comes before the Court on Plaintiff Rachel Carmin's Motion to Remand (Doc. No. 61), wherein she argues that this Court lacks subject-matter jurisdiction because the citizenship of the parties is no longer diverse. Only Virtus Group, LLC ("Virtus") has responded in opposition (Doc. No. 64), and upon review of the record the Court finds remand is warranted.

BACKGROUND

Plaintiff Carmin filed this action on February 1, 2018, in the District Court for Comanche County, Oklahoma, and named Virtus as the sole defendant. *See* Pet. (Doc. No. 1-3). Plaintiff alleged that Virtus employees performed repair work at her home on July 7, 2017, and because of their negligence and "fail[ure] to warn . . . of the dangerous condition [that they had] . . . created," *id*. ¶ 5, she fell and suffered injury, *id.* ¶ 4. Virtus answered Plaintiff's allegations on February 26, 2018, *see* Doc. No. 1-4, and removed the matter to this Court on March 6, 2018. *See* Doc. No. 1.

In its Notice of Removal, Defendant Virtus asserted that this Court had subject-matter jurisdiction over this action pursuant to § 1332, title 28, of the United States Code because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, *see* Notice of Removal (Doc. No. 1) ¶ 7, and because the citizenship of the parties is diverse, *see id.* ¶¶ 6, 8-9. This was correct as to the parties at that time: Carmin is a resident and inhabitant of Oklahoma, *id*. ¶ 8,[1] and Virtus is a Kansas limited liability company with its principal place of business in that state, *id*. ¶ 9.[2]

---

[1]*See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (noting that an individual's residence is not equivalent to domicile and it is domicile that is relevant for determining citizenship); *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citation omitted)).

[2]For purposes of diversity jurisdiction, the citizenship of Defendant Virtus, an unincorporated entity, is the citizenship of each of its individual members. *See Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1324-25 (10th Cir. 2016); *Siloam Springs Hotel*, 781 F.3d at 1237-38. Virtus originally stated that its members are Bill Sutter, Wayne Sutter, Andy Williams, and Alex Hammel, and that they are all "citizens of Kansas residing in that state." Notice of Removal ¶ 9; *accord* Doc. No. 2. Virtus thereafter

On June 28, 2018, the Court granted Defendant Virtus's unopposed request to file a third-party complaint and join as a third-party defendant L&L Construction Solutions, LLC ("L&L"), an Oklahoma limited liability company. *See* Doc. No. 14.[3] Virtus filed its third-party complaint on July 9, 2018, claiming that it had entered into a subcontract with L&L to install tile in Plaintiff Carmin's home and that L&L is obligated to indemnify Virtus for any liability Virtus may have that arises out of L&L's work. *See* Doc. No. 15.

Plaintiff Carmin then sought leave to amend her pleading to assert a claim against L&L. *See* Doc. No. 35. Her unopposed request was granted, *see* Doc. No. 36, and she filed an amended complaint on July 25, 2018, alleging that both Virtus and L&L were negligent and that their negligence and failure to warn about the dangerous condition they had created directly caused her harm. *See* Am. Compl. (Doc. No. 37).

L&L in turn sued Zimri Lopez, identified as a citizen of the State of Oklahoma, *see* Doc. No. 46, ¶ 4, and alleged that L&L had retained "Lopez, who held himself out as doing business as Affordable Flooring, as a subcontractor to perform tile work in [Plaintiff Carmin's] home." *Id.* ¶ 14. L&L contended that should it be found liable to Plaintiff, Lopez would be liable to L&L for contribution and/or indemnity. *See id.* ¶¶ 20-23.

On August 27, 2018, Plaintiff Carmin, with leave of Court and again without opposition, filed a second amended complaint. *See* Second Am. Compl. (Doc. No. 51).

---

amended that statement and advised that Bill Sutter, Wayne Sutter, and Alex Hammel are citizens of the State of Kansas and that Andy Williams is a citizen of the State of Texas. *See* Doc. No. 8, at 1. Virtus is therefore a citizen of both Kansas and Texas.

[3]L&L identified Omar Lopez ("O Lopez") as L&L's sole owner and operator and stated that O Lopez is domiciled in Oklahoma. *See* Doc. No. 47, ¶ 6.

3

She reasserted her claims against Virtus and L&L and added a claim against Lopez. *See id.* ¶¶ 8-29. Plaintiff contended that because of these parties' negligence and failure to warn, she is entitled to an award of actual damages for "past and future pain and suffering, past and future medical expenses, disfigurement, [and] loss of enjoyment of her life." *Id.* ¶ 14; *see, e.g., id.* ¶¶ 21, 28. She further asserted that due to these parties' "gross negligence, recklessness and/or gross and wanton acts," *id.* ¶ 15; *see, e.g., id.* ¶¶ 22, 29, she is entitled to recover punitive damages from each of them.

ANALYSIS

The Court lacks jurisdiction as to Plaintiff Carmin's claims against L&L and Lopez. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978) (holding that federal district court lacked jurisdiction over plaintiff's state-law claim against nondiverse defendant where claim was not initially asserted by plaintiff but, following impleader by defendant, asserted in an amended pleading). These claims present no federal question or diversity of citizenship such as would independently support jurisdiction under § 1331 or § 1332 of title 28 of the United States Code. And the Court is expressly precluded from exercising supplemental jurisdiction over the claims by § 1367(b) of title 28 of the Code.

L&L like Carmin is a citizen of Oklahoma.[4] It was joined as a third-party defendant under Federal Rule of Civil Procedure 14(a)(1), which permits a defendant, as "third-party plaintiff, [to] serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the [plaintiff's] claim against it." Fed. R. Civ. P. 14(a)(1). L&L in turn

---

[4]L&L takes the citizenship of its sole member, O Lopez. *See Mgmt. Nominees*, 813 F.3d at 1324-25; *Siloam Springs Hotel*, 781 F.3d at 1237-38.

filed a fourth-party complaint against Lopez, also a citizen of Oklahoma, pursuant to Federal Rule of Civil Procedure 14(a)(5), which allows "[a] third-party defendant . . . [to] proceed . . . against a nonparty who is or may be liable to the third-party defendant for all or part of any claim against it." Fed. R. Civ. P. 14(a)(5).

Federal Rule of Civil Procedure 14(a)(3) further authorizes a plaintiff to assert against the third-party or fourth-party defendant "any claim arising out of the . . . occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a)(3). Plaintiff Carmin implicitly relied on that rule when she sought leave to file her amended and second amended complaints. *See* Doc. No. 35, ¶ 2; Doc. No. 49, ¶ 2.

Section 1367(a) prescribes that the district courts "in any civil action of which the district courts have original jurisdiction" "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1367(b), however, qualifies § 1367(a)'s broad grant of supplemental jurisdiction where the plaintiff in a diversity case asserts a claim against a party joined pursuant to Rule 14. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 560 (2005). Specifically, § 1367(b) precludes the exercise of supplemental jurisdiction "[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332" "over claims by plaintiffs against persons made parties under Rule 14 . . . , when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28

U.S.C. § 1367(b). By its express terms, § 1367(b) therefore "stops plaintiffs from circumventing § 1332's jurisdictional requirements by using another's claim as a hook to add a claim that the plaintiff could not have brought in the first instance." *Allapattah,* 545 U.S. at 593 (Ginsburg, J., dissenting).[5]

In this case, the exercise of supplemental jurisdiction over Oklahoma citizen Carmin's claims against Oklahoma citizens L&L and Lopez—both of which were "made parties under Rule 14"—"would be inconsistent with the jurisdictional requirements of section 1332" and its demand of complete diversity of citizenship between the parties. 28 U.S.C. § 1367(b); *see id.* § 1332(a). The Court may not hear those claims. *See id.* § 1367(b); *cf. Thunder Basin Coal Co. v. Sw. Pub. Serv. Co.*, 104 F.3d 1205, 1212 n.7 (10th Cir. 1997) (noting that 28 U.S.C. § 1367(b) prevented the plaintiff from using party's joinder under Rule 14 "as an avenue to escape the limitations of the district court's diversity jurisdiction and assert its own claims" against that party).[6]

---

[5]*See* H.R. Rep. No. 101-734, at 29 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6860, 6875 ("In diversity-only actions the district courts may not hear plaintiffs' supplemental claims when exercising supplemental jurisdiction would encourage plaintiffs to evade the jurisdictional requirement of 28 U.S.C. § 1332 by the simple expedient of naming initially only those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original federal jurisdiction against other defendants who have . . . been joined on a supplemental basis.").

[6]*See* 13D Charles Alan Wright et al., *Federal Practice and Procedure* § 3567.2 (3d ed. 2008) (noting that express language of § 1367(b) withdraws supplemental jurisdiction initially granted to claim by § 1367(a) if plaintiff asserts claim against third-party defendant, i.e., a person or an entity made a party under Rule 14). "If § 1367(b) applies, there is no supplemental jurisdiction." *Id.*

The broader question before the Court is whether Plaintiff Carmin's amendment of her pleading to add claims against nondiverse defendants L&L and Lopez requires the Court to remand the action or to attempt to cure the jurisdictional defect (by, for example, vacating the orders allowing amendment or dismissing the offending claims).[7] Although there may be exceptions, the general rule stated by the Tenth Circuit is that—because it would destroy complete diversity and render the Court without subject-matter jurisdiction—"if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).[8] A court faced with such a proposed amendment may, however, exercise discretion as to whether the amendment should be allowed. *Id.* Here, in each

---

[7] The parties dispute whether 28 U.S.C. § 1447(e) applies in these circumstances. That statute provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Court finds this provision inapplicable because Plaintiff did not herself "join" L&L and Lopez but asserted claims against those parties pursuant to Rule 14(c) after they had been brought in to the suit as, respectively, third- and fourth-party defendants. If § 1447(e) were found to apply, the Court still would exercise its discretion to order that the case be remanded rather than retroactively deny Plaintiff's addition of those claims.

[8] Defendant Virtus points to *Freeport–McMoRan, Inc. v. KN Energy, Inc.*, where the Supreme Court made the broad statement, "Diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." 498 U.S. 426, 428 (1991). Virtus argues that this statement means that because diversity jurisdiction existed at the time of removal of this action, the Court's subject-matter jurisdiction was not destroyed by Plaintiff's assertion of claims directly against L&L and Lopez after they had been joined as third- and fourth-party defendants. The Court does not read *Freeport-McMoRan* so broadly and notes that other courts have found that the cited statement addresses only specific circumstances not present here. *See Bishop v. Moore*, No. Civ.A. 99-2275-GTV, 2000 WL 246583 (Feb. 4, 2000) (concluding that, "The *Freeport–McMoRan* holding is limited to the issue of substitution of parties pursuant to Fed.R.Civ.P. 25.").

instance that Plaintiff amended her complaint, she filed a motion specifying the proposed additional claim, no party objected, and the Court granted the motion. If a party had contested amendment, or raised the issue of the effect Plaintiff's claims against L&L and Lopez would have on the Court's jurisdiction, the Court still would have determined that the assertion of those claims was proper. Because L&L and Lopez were already named as third- and fourth-party defendants, and Plaintiff acted promptly to assert direct claims against them, no prejudice to any party occurred as a result of the addition of those claims. Nor does it appear that Plaintiff's assertion of direct claims against L&L or Lopez was done in a bad faith attempt to defeat diversity jurisdiction. Had Plaintiff known of the potential claims against L&L and Lopez at the time she filed her original suit, she could have asserted such claims at that time and precluded removal in the first instance.

For the reasons set forth above, the Court orders that this case be remanded to state court. *See* 28 U.S.C. § 1447(c) (providing that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

## CONCLUSION

Accordingly, the Court

(1) GRANTS Plaintiff Carmin's Motion to Remand for Lack of Diversity (Doc. No. 61) filed on September 14, 2018;

(2) REMANDS this matter to the District Court for Comanche County, Oklahoma; and

(3) DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 25th day of October, 2018.

_____
CHARLES B. GOODWIN
United States District Judge